{¶ 7} I respectfully dissent. Miller should have requested that a jury determine his sentence if he thought the trial court would impose more than a minimum sentence upon him. In Foster
and Quinones, the trial court did not apply "waiver" because the supreme court found Foster and Quinones could not have anticipated that Blakely would extend the "Apprendi" doctrine to redefine "statutory maximum." Miller was sentenced after
Blakely, however, and he should have been required to raise his constitutional claim that he had a right to have a jury impose the sentence. The State did argue in its appellate brief that Miller had waived his Blakely objection. Also, reviewing courts are expected to apply ordinary prudential doctrines, determining whether the issue was raised below or whether it fails the "plain error" test. U.S. v. Booker (2005), 543 U.S. 220,125 S.Ct. 738. Miller's appellate counsel did not argue "plain error," and in any event the error was not "plain." Miller was not prejudiced by the trial court's sentence because he did not demonstrate that the trial court clearly would have imposed a more lenient sentence had it used the sentencing factors in an "advisory" manner only.